**GLENNIS MARTIN, KATHLEEN MARTIN, REGINALD MARTIN and VENETTA FRAZER, Plaintiffs**

v.

**ERIC A. FRETT, PEDRO J. HOSKING and CARIB GAS CORPORATION OF ST. THOMAS, Defendants**

Civil No. 198-78

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 30, 1980

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for plaintiffs*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant Frett*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for defendants Hosking & Carib*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is presently before the Court on plaintiffs' motion for partial summary judgment on the issue of whether defendant Frett was operating his vehicle at the time of the accident while under the influence of alcohol. See Fed. R. Civ. P. 56(d). Defendants Hosking and Carib Gas Corporation of St. Thomas join in the motion. Because the issue of defendant's intoxication at the time of the accident was decided after a court trial in Territorial Court, partial summary judgment will be granted. See Government of the Virgin Islands v. Frett, Traffic No. 5121-76 (Terr. Ct. Dec. 23, 1976). Defendant Frett was found guilty of driving while intoxicated. Id., see 20 V.I.C. § 493.

■ The issue before the Court is whether to apply the doctrine of offensive collateral estoppel when the mutuality requirement is not met. In Parklane Hosiery Co. v. Shane, 439 U.S. 322 (1979), the Supreme Court abrogated the mutuality rule which in short stated that neither party could use a prior judgment against the other unless both parties were bound by the prior judgment. Id. at 326–27, see Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 326–28 (1971). Offensive collateral estoppel should not be employed where the plaintiff could have joined in the previous action or where application of the doctrine would be unfair to the previously bound party. 439 U.S. at 331; see RESTATEMENT (SECOND) OF JUDGMENTS § 88 (Tent. Draft No. 2, Apr. 15, 1975).

■ ■ This Court holds that offensive collateral estoppel can apply when the issue to be relitigated was necessarily determined during a criminal trial in the government's favor. On the record before the Court it appears Frett fully litigated the issue of whether he was intoxicated at the time of the accident. Government v. Frett, supra. Tr. 113. That issue necessarily was decided in order to convict him of 20 V.I.C. § 493. Therefore the Court will find that Frett was driving under the influence of alcohol at the time of the accident for the purposes of this lawsuit.

## ORDER

The premises considered and the Court being advised

IT IS ORDERED that plaintiffs' motion for partial summary judgment be, and the same is hereby, GRANTED.